UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| RANDY HATFIELD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 14-432-DCR |
| ) | |
| V. ) | |
| ) | |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA d/b/a CIGNA ) | **MEMORANDUM OPINION** |
| GROUP INSURANCE, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This action is pending for consideration of Plaintiff Randy Hatfield's motion to strike portions of the administrative record filed by Defendant Life Insurance Company of North America, d/b/a Cigna Group Insurance ("LINA"). [Record No. 25] As explained more fully below, the motion will be granted, in part, and denied, in part.

As an employee of Toyota Motor Manufacturing Kentucky, Hatfield was insured under a long-term disability ("LTD") insurance policy with LINA. [Record No. 1-1, p. 1] LINA is also the administrator of the LTD plan. Hatfield remained insured under the LTD coverage when he became disabled in August 2011. *Id.* at 2. Hatfield made a claim for LTD benefits with LINA, requesting that the benefits begin in August 2012, after LINA's twelve-month elimination period ended. LINA denied the claim on September 19, 2012. [Record No. 19, pp. 500-02] Hatfield appealed, and by letter dated July 3, 2013, LINA reversed its denial and approved the claim, effective August 16, 2012. *Id.* at 490-92. However, in the same letter, LINA decided Hatfield was not entitled to benefits beyond July 16, 2013. *Id.* at

-1-

492. Hatfield filed a second appeal, and on March 7, 2014, LINA overturned its decision to terminate benefits after July 16, 2013. *Id.* at 480. On March 18, 2014, LINA again terminated Hatfield's LTD benefits. *Id.* at 465-67. LINA's denial informed Hatfield that he was required to pursue an administrative appeal of the decision before filing a lawsuit and that he had 180 days to do so. *Id.*

By letter dated August 26, 2014, Hatfield administratively appealed the March 18, 2014 denial of LTD benefits. *Id.* at 2936-47. The extent of the review undertaken by LINA at that time is not clear from the record.

On November 3, 2014, Hatfield filed a Complaint in Harrison Circuit Court, alleging violations of the Employee Retirement Income Security Act ("ERISA") and several state law claims. [Record No. 1-1, pp. 1-4] Eventually, LINA reviewed Hatfield's claim, but apparently not until after it received service of Summons on November 11, 2014. On March 2, 2015, following removal to this Court, LINA issued a letter to Hatfield denying his August 26, 2014 appeal. [Record No. 25-4]

In the memorandum accompanying his motion to strike, Hatfield observes that 29 C.F.R. § 2560.503-1 requires plan administrators to decide appeals involving disability benefits within forty-five days of receiving the appeal. [Record No. 25-1] Plan administrators may request an additional forty-five days, as long as the request is made before the termination of the initial forty-five day period. 29 C.F.R. §§ 2560.503-1(i)(1)(i) and (i)(3)(i). Because LINA failed to decide Hatfield's claim within forty-five days and did not request an extension during that initial period, Hatfield argues that 29 C.F.R. § 2560.503-1(*l*) deems his claim exhausted, entitling him to file suit at the expiration of the forty-five day period. [Record No. 25-1]

Hatfield contends that the Court's review should be limited to the administrative record that existed at the time he exhausted his administrative remedies. *Id.* Therefore, he urges the Court to strike all documents generated after the lawsuit commenced, including Dr. Karande's medical review reports and LINA's March 2, 2015 denial letter. *Id.* According to LINA, its failure to process Hatfield's claim in a timely manner was merely a procedural error. [Record No. 31] LINA asserts that courts routinely remand similar cases where no evidence of bad faith is present. *Id.*

The issue presented by the plaintiff's pending motion is whether the administrative record closed once the appeal was deemed exhausted (forty-five days after LINA received the appeal) or once LINA issued a final decision on March 2, 2015. This is a close case, and neither side has cited controlling authority based on a factual pattern similar to the one presented here. In this case, the administrative record contains evidence generated after the lawsuit was filed because LINA made its decision after the lawsuit was filed but before the Court had conducted a review. Thus, this case is not like *Perry v. Simplicity Engineering*, 900 F.2d 963, 967 (6th Cir. 1990), where the Sixth Circuit held that a district court could not consider evidence that was not available to the plan administrator at the time of his decision. Neither party in this case is attempting to bolster the record with new evidence. Instead, this is a case where LINA failed to follow the time frame set out in the regulations but ultimately reached a decision based, in part, on the records in dispute.

While the Court does not condone LINA's delay in decision-making, it will not require any materials be removed from the administrative record at this time. However, the Court reserves the right to revisit this decision upon submission of the parties' briefs on the

merits of the case. Accordingly, the Court will deny, without prejudice, Hatfield's motion to strike from the record documents filed after the lawsuit was instituted.

Alternatively, Hatfield asks that LINA be required to produce the complete administrative record. [Record No. 25] Specifically, Hatfield contends that three letters, dated February 11, 2015, March 9, 2015, and March 2, 2015, are missing. [Record No. 25-1] Hatfield also believes that LINA possesses, but has not produced, "claim notes" and "internal communications and outside communications with Dr. Karande." *Id.* In its response, LINA admits that some of the documents relating to Hatfield's appeal are missing and agrees to re-file the administrative record. Consequently, Hatfield's motion will be granted, in part, to require LINA to supplement the administrative record.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Plaintiff Randy Hatfield's motion to strike portions of the administrative record, or in the alternative, motion for order requiring LINA to supplement the administrative record [Record No. 25] is **GRANTED**, in part, and **DENIED**, in part.

2. Within fourteen (14) days, Defendant Life Insurance Company of North America is **DIRECTED** to supplement the administrative record consistent with this Memorandum Opinion and Order.

This 23rd day of September, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge