UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| RANDY HATFIELD, )<br>)<br>  Plaintiff, )<br>)<br>V. )<br>)<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA d/b/a CIGNA )<br>GROUP INSURANCE, )<br>)<br>  Defendant. ) | Civil Action No. 5: 14-432-DCR<br><br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On March 25, 2015, this Court entered an Order requiring the parties to submit memoranda in support of their positions on the appropriate standard of review in this case. [Record No. 15] The Order provided that the Court would specify the appropriate standard of review before the plaintiff should file his motion for judgment. *Id.* On July 10, 2015, Plaintiff Randy Hatfield filed a motion seeking *de novo* review. [Record No. 33] Conversely, Defendant Life Insurance Company of North America ("LINA") responded that the "arbitrary and capricious" standard should apply. [Record No. 35] The insurance policy at issue grants LINA discretionary authority. Therefore, the abuse of discretion standard, also referred to as "arbitrary and capricious" review, applies.

**I.**

As an employee of Toyota Motor Manufacturing Kentucky, Hatfield was insured under a long-term disability ("LTD") insurance policy with LINA. [Record No. 1-1, p. 1] LINA is also the administrator of the LTD plan. Hatfield remained insured under the LTD

-1-

coverage when he became disabled in August 2011. *Id.* at 2. Hatfield made a claim for LTD benefits with LINA, requesting that the benefits begin in August 2012, after LINA's twelve-month elimination period ended. At first, LINA denied the claim, but when Hatfield appealed, LINA reversed itself and awarded him benefits. [Record No. 19, pp. 500-02, 490-92] This process repeated itself several times. LINA would deny Hatfield continuing benefits, and Hatfield would appeal the denial. *Id.* at 492, 480, 465-67.

On August 26, 2014, Hatfield administratively appealed LINA's decision to again deny him LTD benefits. *Id.* at 2936-47. On November 3, 2014, Hatfield filed a Complaint in the Harrison Circuit Court, alleging violations of the Employee Retirement Income Security Act ("ERISA") and several state law claims. [Record No. 1-1, pp. 1-4] On March 2, 2015, following removal to this Court, LINA issued a letter to Hatfield denying his August 26, 2014 appeal. [Record No. 25-4]

> The LTD policy provides,
>
> **Disability Benefits**
> The Insurance Company will pay Disability Benefits if a Team Member becomes Disabled while covered under this Policy. The Team Member must satisfy the Elimination Period, be under the Appropriate Care of a Physician, and meet all the other terms and conditions of the Policy. He or she must provide the Insurance Company, at his or her own expense, ***satisfactory proof of Disability*** before benefits will be paid. The Disability Benefit is shown in the Schedule of Benefits.
>
> The Insurance Company will require continued proof of the Team Member's Disability for benefits to continue.

[Record No. 33-2, p. 13] (emphasis added)

In its response to Hatfield's motion for *de novo* review, LINA contends that the plain language of the policy entitles it to "arbitrary and capricious review." [Record No. 35] Hatfield disagrees. [Record No. 33-1] Alternatively, Hatfield argues that LINA's delay in

-2-

deciding his appeal counteracts the effect of the policy's language and entitles him to *de novo* review. *Id.*

## II.

In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989), the Supreme Court set out two standards of review for ERISA benefit determinations. When the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, an abuse of discretion standard applies. *Id*. at 111. In all other cases, the review is *de novo*. *Id*. at 115.

LINA's abuse of discretion argument is based solely on the "satisfactory proof of Disability" language included in its insurance policy. [Record No. 35] In *Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560, 567 (6th Cir. 2013), the United States Court of Appeals for the Sixth Circuit reviewed another LINA policy that contained the exact same "satisfactory proof of Disability" phrase. The court held that the "satisfactory proof" provision was "sufficiently clear to grant discretion to administrators" and, therefore, warranted application of the abuse of discretion standard. *Id.*

Hatfield notes that the *Frazier* Court relied on two earlier Sixth Circuit decisions: *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979 (6th Cir. 1991) and *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376 (6th Cir. 1996). [Record No. 33-1] According to Hatfield, *Yeager* relied on *Miller*, and *Miller* was premised on a Seventh Circuit case that the Seventh Circuit then overruled in 2005. *Id.* See *Bali v. Blue Cross and Blue Shield Assn'n*, 873 F.2d 1043 (7th Cir. 1989); *Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635, 640 (7th Cir. 2005). Hatfield also identifies a number of other circuits that have reached a different result when confronted with similar "sufficient proof" language. *Id.* Nevertheless, this Court is bound

-3-

by Sixth Circuit authority. In fact, the Sixth Circuit has held as recently as 2013 that the precise language in the insurance policy at issue in this case entitles LINA to review of its decision under the abuse of discretion standard. *See Frazier, supra.*

On its face, the insurance policy requires application of the abuse of discretion standard. But Hatfield contends that, by failing to exercise its discretion, LINA forfeited its right to review under the more deferential standard. Again, however, Sixth Circuit's precedent contradicts Hatfield's argument. Therefore, LINA's delay does not change the standard of review.

LINA does not dispute that it failed to decide Hatfield's appeal in the time allotted by the ERISA regulations. Under the applicable regulations, plan administrators must decide appeals involving disability benefits within forty-five days of receiving the appeal. 29 C.F.R. § 2560.503-1. Plan administrators may request an additional forty-five days, as long as the request is made before the termination of the initial forty-five day period. 29 C.F.R. §§ 2560.503-1(i)(1)(i) and (i)(3)(i). Because LINA failed to decide Hatfield's claim within forty-five days and did not request an extension during that initial period, 29 C.F.R. § 2560.503-1(*l*) deems his claim exhausted, entitling him to file suit at the expiration of the forty-five day period.

In support of his argument that LINA's delay should preclude it from abuse of discretion review, Hatfield relies on the Department of Labor's notice of final regulation for the most current version of § 2560.503-1(*l*). *See ERISA Claims Procedure*, 65 Fed. Reg. 70246 (Nov. 21, 2000). The notice states that § 2560.503-1(*l*) was intended "to clarify that the procedural minimums of the regulation are essential to procedural fairness and that a decision made in the absence of the mandated procedural protections should not be entitled

-4-

to any judicial deference." *Id.* However, an agency's interpretation contained in a policy statement lacks the force of law, and courts are not required to give it deference. *See Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000). In fact, as Hatfield points out in his motion, federal courts are split on this issue in spite of the Department of Labor's policy statement. [Record No. 33-1] *Compare Rasenack v. AIG Life Ins. Co.*, 585 F.3d 1311, 1318 (10th Cir. 2009) (applying *de novo* standard because administrator issued its decision outside the time limits set by ERISA), *with Goldman v. Hartford Life and Accident Ins. Co.*, 417 F. Supp. 2d 788, 805 (E.D. La. 2006) (applying abuse of discretion standard even though administrator never disposed of claimant's appeal).

Again, this Court is bound by the Sixth Circuit's decisions. In *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988), the claimant argued he was entitled to *de novo* review based on the administrator's failure to render a decision on his appeal. The Sixth Circuit disagreed, holding that the arbitrary and capricious standard applied regardless of the administrator's failure to act in accordance with the regulations. *Id.* Hatfield discounts the Sixth Circuit's holding in *Daniel* because it was decided before the Supreme Court's decision in *Bruch, supra* and before the current regulatory scheme. However, the cases Hatfield cites on from other jurisdictions were also primarily decided before the current regulatory scheme. *See Nichols v. Prudential Life Ins. Co. of Am.*, 406 F.3d 98 (2d Cir. 2005); *Lebian v. Hewlett-Packard Co.*, 349 F.3d 1098 (9th Cir. 2003); *Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625 (10th Cir. 2003); *Gritzer v. CBS, Inc.*, 275 F.3d 291 (3d Cir. 2002). Additionally, this Court recently decided in *Van Winkle v. Life Ins. Co. of N. Am.*, 944 F. Supp. 2d 558, 560-63 (E.D. Ky. 2013) to apply *Daniel* in spite of nearly identical

arguments made by the claimant in that case. Accordingly, an abuse of discretion standard will be applied upon review.

### IV.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff Randy Hatfield's motion for de novo review is **DENIED**.

This 25th day of September, 2015.

