UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| RANDY HATFIELD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 14-432-DCR |
| ) | |
| V. ) | |
| ) | |
| LIFE INSURANCE COMPANY OF ) | **MEMORANDUM OPINION** |
| NORTH AMERICA d/b/a CIGNA ) | **AND ORDER** |
| GROUP INSURANCE, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Randy Hatfield's motion to compel Defendant Life Insurance Company of North America ("LINA") to furnish more complete responses to Hatfield's discovery requests. [Record No. 34] Because LINA has an inherent conflict of interest, Hatfield will be allowed to conduct some discovery outside the administrative record. However, that discovery will be limited to issues addressing the conflict of interest issue.

**I.**

Hatfield claims he became disabled in August 2011 while insured as an employee of Toyota Motor Manufacturing Kentucky under a long-term disability ("LTD") insurance policy with LINA. [Record No. 1-1, pp. 1-2] In August 2012, after LINA's twelve-month elimination period ended, Hatfield made a claim for LTD benefits with LINA. At first, LINA denied the claim. However, when Hatfield appealed, LINA reversed itself and awarded him benefits. [Record No. 19, pp. 500-02, 490-92] This process was repeated

several times. LINA would deny Hatfield continuing benefits. Hatfield would appeal the denial, and LINA would reverse its earlier decision. *Id.* at 492, 480, 465-67.

On August 26, 2014, Hatfield administratively appealed LINA's decision to again deny him LTD benefits. *Id.* at 2936-47. On November 3, 2014, Hatfield filed a Complaint in the Harrison Circuit Court, alleging violations of the Employee Retirement Income Security Act ("ERISA") and asserting several state law claims. [Record No. 1-1, pp. 1-4] On March 2, 2015, following removal to this Court, LINA issued a letter to Hatfield denying his August 26, 2014 appeal. [Record No. 25-4]

On May 18, 2015, Hatfield served LINA with Requests for Admissions, Interrogatories, and Requests for Production of Documents. [Record No. 34-2] LINA responded to Hatfield's discovery requests on July 6, 2015. [Record No. 34-3] LINA's responses contain a number of objections that the parties have been unable to resolve. As a result, Hatfield now moves this Court to compel LINA to provide complete responses to all of Hatfield's discovery requests. [Record No. 34] Specifically, Hatfield seeks:

a) the identity of anyone who handled Hatfield's claim at any point prior to this most recent denial, including "third-party companies that [LINA] used to gather medical reviews" for Hatfield's claim;[1]

b) the amount of pay received by anyone involved with Hatfield's claim from 2005 to the present;[2]

---

[1] Interrogatory Nos. 1 and 2. [Record No. 34-2]

[2] Interrogatory Nos. 4 and 15 and Request Nos. 11 and 12. *Id.*

c) the number of claims handled from 2004 to the present by anyone who handled Hatfield's claim;[3] the number of those claims where the claimant was found not disabled or limited to a sedentary occupation;[4] and the number of those claims denied by LINA;[5]

d) information regarding LINA's employee compensation, bonuses, and awards;[6]

e) LINA's claims manual, Book of Operating Knowledge, policies and procedures regarding file maintenance, and "any other written instructions that are given to employees who make decisions in disability claims;"[7]

f) the identity of the person who hired a specific medical reviewer and the reason for hiring her;[8]

g) the number of times within the past ten years LINA failed to decide an appeal within ninety days;[9] and

h) "contracts and agreements with any Medical Reviewers or Vocational Consultants who reviewed this claim."[10]

---

[3] Interrogatory No. 5. *Id.*

[4] Interrogatory No. 6, except this Interrogatory was limited to claims from 2005 to the present. *Id.*

[5] Interrogatory No. 7. *Id.*

[6] Interrogatory No. 15 and Request No. 15. *Id.*

[7] Interrogatory No. 22 and Request No. 9. *Id.*

[8] Interrogatory No. 24. *Id.*

[9] Interrogatory No. 25. *Id.*

[10] Request No. 8. *Id.*

## II.

LINA admits that it is the claim administrator for Hatfield's LTD plan and also pays benefits under that plan. [Record No. 41, p. 1] Hatfield claims that this creates an inherent conflict of interest that entitles him to discovery outside of the administrative record. [Record No. 34-1] Hatfield is correct that LINA's conflict of interest entitles him to some discovery, but that discovery will be limited to issues relevant to the conflict.

Generally, an ERISA claimant may not seek discovery regarding matters outside the administrative record. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998). However, when a claimant challenges an administrator's decision on procedural grounds, limited discovery may be appropriate. *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009). For example, where the plan administrator evaluates claims for benefits and also pays those benefits, an inherent conflict of interest results, raising questions of bias. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008). Then, the Court may look outside the administrative record to fully consider the circumstances affecting the administrator's alleged conflict. *Id.* Nevertheless, discovery must be strictly confined to the procedural challenge. *Johnson*, 324 F. App'x at 466; *Moore v. LaFayette Life Ins.* Co., 458 F.3d 416, 430-31 (6th Cir. 2006).

District courts possess discretion to determine whether discovery outside the administrative record is appropriate in ERISA cases. *Bell v. Ameritech Sickness & Acc. Disability Ben. Plan*, 399 F. App'x 991, 998 (6th Cir. 2010). While discovery should only be permitted to further a colorable procedural challenge, threshold evidentiary showings are not required. *Johnson*, 324 F. App'x at 466. This Court has held that the presence of a conflict of interest, on its own, justifies discovery beyond the administrative record. *See*

*Brainard v. Liberty Life Ins. Co.*, No. 6:14-110-DCR, 2014 WL 7405798, at *4 (E.D. Ky. Dec. 30, 2014); *Pemberton v. Reliance Standard Life Ins. Co.*, No. 08-86-JBC, 2009 WL 89696, at *2 (E.D. Ky. Jan. 13, 2009).

Because LINA's conflict of interest is a factor that the Court must consider in deciding whether it abused its discretion in denying Hatfield's claim, limited discovery regarding the conflict of interest is appropriate. Without such discovery, Hatfield would be hindered in his ability to obtain evidence to show the significance of the conflict.

**III.**

Even though Hatfield is entitled to some discovery, the scope of that discovery must be limited to the conflict of interest and any allegation of bias. When determining whether a conflict of interest affected a benefits decision, district courts may consider whether: (i) a history of biased denials exists; (ii) the employer has taken steps to reduce potential bias and promote accuracy; and (iii) company policies formally or informally encourage claim denials. *Kasko v. Aetna Life Ins. Co.*, 33 F. Supp. 3d 782, 788 (E.D. Ky. 2014). Therefore, Hatfield's discovery requests narrowly aimed at one of those objectives will be granted. However, those requests that are irrelevant to the question of bias or that are not "reasonably calculated" to lead to discovery that will be admissible under the Federal Rules of Evidence will be denied. *See* Fed. R. Civ. P. 26(b)(1). *See also Mulligan v. Provident Life and Accident Ins. Co.*, 271 F.R.D. 584, 590 (E.D. Tenn. 2011).

    **A.**    **Individuals Involved in Prior Denials and "Third-Party Companies"**

Hatfield claims that several of the deficiencies in LINA's responses stem from its incomplete answer to Interrogatory No. 2 which states:

> With regard to Plaintiff and Plaintiff's claim, please state the name, address, position/job title, employer, and phone number of any doctor, nurse, vocational rehabilitation/occupational consultant, Medical Reviewer, and/or any other health or Vocational Consultant (other than the Plaintiff's treating physicians) who rendered a report or opinion to Defendant, examined records for the Defendant, or examined Plaintiff for the Defendant **at any time**.

(Emphasis added.) [Record No. 34-2]

In its response, LINA identified two nurse case managers, two physicians, and one vocational rehabilitation counselor who played a role in Hatfield's most recent termination of benefits. [Record No. 34-3] Hatfield contends that the phrase "at any time" required LINA to also list those "reviewers, vendors, and consultants that were involved in the previous terminations of Hatfield's claim." [Record No. 34-1] According to Hatfield, LINA should have also identified "third-party companies that [LINA] used to gather medical reviews." [Record No. 34-1] Interrogatory Nos. 4, 5, 6, and 7 and Request Nos. 8, 11, and 12 seek further information regarding the individuals listed in Interrogatory No. 2. [Record No. 34-2] Therefore, Hatfield claims that LINA's responses to all of those discovery requests are deficient as well.

Hatfield objects to LINA's response to Interrogatory No. 1[11] for the same reason as Interrogatory No. 2. Hatfield claims that Interrogatory No. 1 required LINA to list individuals who participated in earlier denials of his claim that LINA later reversed. [Record No. 34-1] Hatfield would be hard-pressed to prove bias based on earlier benefit

---

[11] Interrogatory No. 1 provides: "Please state the name, address, position, and employer of the individual completing these interrogatories and the name, address, position, employer, and role of each and every individual who processed, analyzed, adjusted, or investigated Plaintiff's STD and LTD claim on behalf of the Defendant **at any time**." (Emphasis added.) [Record No. 34-2]

determinations that LINA eventually resolved in Hatfield's favor. Accordingly, information relating to denials later reversed by LINA is not relevant to the question of bias.

Likewise, the identity of third-party companies who recommended medical reviewers to LINA is not relevant to the issues pending before the Court. Hatfield has also failed to explain why the "third-party companies" that connect LINA to its medical reviewers matter. The question before this Court concerns whether LINA's decision was influenced by the opinions or reports of biased medical reviewers. As LINA noted in its response to Hatfield's motion to compel, the medical reviewers themselves, not a third-party company, issued the opinions and reports that LINA relied upon for its denial of Hatfield's claim for benefits. [Record No. 41] Because Hatfield seeks to compel discovery under Interrogatory Nos. 1 and 2 that would be irrelevant to the issue of bias, Hatfield's motion regarding those interrogatories will be denied.

B.  **Amount of Pay**

In Interrogatory No. 4, Hatfield seeks to discover the amount paid by LINA from 2005 to the present to individuals listed by LINA in response to Interrogatory No. 2. [Record No. 34-2] Interrogatory No. 15 asks LINA to identify how much it paid from 2005 to the present to individuals listed in response to Interrogatory No. 1. *Id.* Request Nos. 11 and 12 seek specific documentation of the amounts paid to individuals or entities who reviewed Hatfield's claim for LINA. *Id.*

As a general proposition, employee pay records are not discoverable for the purpose of determining reviewer credibility. *See Busch v. Hartford Life and Accident Ins. Co.*, No. 5:10-00111-KKC, 2010 WL 3842367, at *4 (E.D. Ky. Sept. 27, 2010); *Clark v. Am. Elec. Power Sys. Long Term Disability Plan*, 871 F. Supp. 2d 655, 660 (W.D. Ky. 2012); and

*Austin-Conrad v. Reliance Standard Life Ins. Co.*, No. 4:10CV-000127-JHM, 2015 WL 4464103, at *5 (W.D. Ky. July 21, 2015). Nevertheless, the amount of annual payments made by administrators to third-parties may be discoverable because such information "could show long-term financial incentives influencing [those] hired to review claims" for administrators. *Kasko*, 33 F. Supp. 2d at 788-89. *See also Busch*, 2010 WL 3842367 at *4 and *Brainard*, 2014 WL 7405798, at *7. This Court has also found that a ten year request period is sufficiently narrow in other ERISA cases. *See Pemberton*, 2009 WL 89696, at *3.

Hatfield's motion to compel will be denied regarding LINA's employee pay records. However, Hatfield's motion will be granted regarding payments made from 2005 to the present by LINA to third-parties who reviewed Hatfield's claim for the purpose of his most recent denial and appeal. Hatfield is also entitled to the supporting documentation for those payments that he seeks in Request Nos. 11 and 12.

    **C.**    **Statistical Data for Individual Reviewers**

In Interrogatory No. 5, Hatfield asks LINA to provide the number of claims "reviewed or submitted" by individuals identified in Interrogatory No. 2. [Record No. 34-2] Interrogatory No. 6 requests the number of those claims from Interrogatory No. 5 where the reviewer found the claimant not disabled or limited to a sedentary occupation. *Id.* Interrogatory No. 7 asks LINA to identify the number of claims from Interrogatory No. 5 that LINA denied. [Record No. 34-2] In spite of LINA's assertions that these interrogatories are overly broad and unduly burdensome [Record No. 34-3], courts have upheld similar requests. *See Clark*, 871 F. Supp. 2d at 660; *Pemberton*, 2009 WL 89696 at *3; and *Kasko*, 33 F. Supp. 3d at 789.

Because these interrogatories are "reasonably calculated" to lead to discoverable evidence showing a history of bias, Hatfield's motion will be granted for the years 2005 to the present but only for those individuals and entities who handled Hatfield's most recent denial and appeal.

### D. Employee Compensation, Bonuses, and Awards

In addition to seeking employee compensation amounts, Interrogatory No. 15 asks LINA for the criteria for bonuses awarded to individuals identified in Interrogatory No. 1. [Record No. 34-2] In the same vein, Request No. 15 seeks "Defendant's written criteria or standards for employee compensation, bonuses and awards." *Id.* In response to Interrogatory No. 15, LINA states, "Claim staff's compensation consists of a fixed salary, benefits and discretionary bonuses that are unrelated to and unaffected by claim outcomes." [Record No. 34-3] LINA refused to answer Request No. 15. *Id.*

Unlike the amounts of employee compensation, the criteria for employee compensation is discoverable. In *Clark*, 871 F. Supp. 2d at 660, the Court stated that "permitted areas of inquiry" in ERISA discovery include "incentive, bonus or reward programs or systems, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims." *See also Busch*, 2010 WL 3842367 at *4. Hatfield's claims for compensation criteria are calculated to reveal company policies that formally or informally encourage claim denials. Hatfield, therefore, isentitled to information regarding employee compensation. He is also not required to take LINA at its word that its employees are not rewarded for claim denials. Consequently, LINA must provide the information requested by Hatfield in Request No. 15.

### E. Instructions for Employees Who Make Disability Determinations

In Interrogatory No. 22, Hatfield asks LINA to "provide your policies and procedures for accumulating and maintaining the documents in its claims file." [Record No. 34-2] Hatfield seeks LINA's claims manual, Book of Operating Knowledge, and "any other written instructions that are given to employees who make decisions in disability claims" in Request No. 9. *Id.* Because the administrative record indicates that LINA drafted a denial letter before making a final determination, Hatfield claims that LINA's operating procedures are suspect and thus subject to discovery. [Record No. 34-1] Conversely, LINA argues that the information sought by Interrogatory No. 22 and Request No. 9 is irrelevant and proprietary.

The regulations require LINA to provide as part of the administrative record any documents, records, or other information that "was relied upon in making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8). However, internal policies and procedures that were not relied on for the specific determination are not discoverable, even where an inherent conflict of interest permits some discovery outside the administrative record. *See Austin-Conrad*, 2015 WL 4464103 at *6 and *Byrd v. Metropolitan Life Ins. Co.*, No. 3:07-CV-206, 2008 WL 974787 at *2 (E.D. Tenn. Apr. 9, 2008). To the extent that LINA failed to include in the record any policies or procedures that it relied upon in its most recent denial of Hatfield's claim, Hatfield's motion to compel will be granted. The parties have agreed to an order that will protect LINA from any harm to its proprietary materials. [Record No. 34-1, p. 1, n.1] The Court notes, however, that Hatfield is not entitled to any internal policies that LINA did not consult in making the disability determination that is the subject of Hatfield's current appeal.

### F. Reason for Hiring Dr. Karande

Interrogatory No. 24 asks LINA to "explain who made the decision to hire Dr. Meghana Karanda [one of the physician medical reviewers], and explain how and why that physician was chosen over other potential reviewers." [Record No. 34-2] Hatfield has not convinced the Court that LINA's hiring and recruiting policies are relevant to the issue of bias. For the same reason that Hatfield is not entitled to the identities of the "third party companies" he references, he is not entitled to information regarding who hired Dr. Karande.

### G. Tardiness in Deciding Past Claims

In Interrogatory No. 25, Hatfield asks LINA to identify "the number of time[s] in the last ten years that a decision on an LTD claim was not made by LINA and/or Cigna within 90 days after an appeal was submitted." [Record No. 34-2] Again, Hatfield has not explained why evidence of LINA's past tardiness in making claims determinations would demonstrate bias. Thus, his motion will be denied as to this interrogatory.

### H. Reviewer and Consultant Contracts

Finally, Request No. 8 seeks the production of any "contracts or agreements with any Medical Reviewers or Vocational Consultants who reviewed this claim." [Record No. 34-2] It is well-established that "contractual connections" between plan administrators and reviewers are appropriate for discovery in ERISA cases involving allegations of bias. *See Clark*, 871 F. Supp. 2d at 660 and *Busch*, 2010 WL 3842367 at *4. However, LINA states in its response that it had no contracts with Drs. Kaplan or Karanda and that "the remaining medical reviewers and vocational consultants were LINA employees." [Record No. 34-3] Accordingly, Hatfield's motion regarding Request No. 8 will be denied as moot.

**IV.**

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Plaintiff Randy Hatfield's Motion to Compel is **GRANTED** in part, limited to information pertaining to the defendant's conflict of interest and alleged bias as described above, and **DENIED** in part, regarding the remainder of the plaintiff's discovery requests.

2. The March 25, 2015 Scheduling Order [Record No. 15] is **AMENDED** as follows:

    A. The parties have until October 29, 2015 to complete discovery in accordance with this order.

    B. The parties are directed to file motions for judgment on or before December 28, 2015. Responses shall be due on or before January 27, 2016, or thirty (30) days after the motions for judgment are filed. Replies shall be due on or before February 11, 2016, or fifteen (15) days after the parties file response briefs.

This 29th day of September, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge